IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAB LEWIN,                                                     Case No.: 2:19-cv-540-FtM-29MRM

   Plaintiff,

vs.

BEASLEY BROADCAST GROUP, INC.,

   Defendant.
_____/

**DEFENDANT BEASLEY BROADCAST GROUP, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Beasley Broadcast Group, Inc.[1] ("Beasley") moves this Court for an order dismissing Plaintiff Rab Lewin's ("Plaintiff") Amended Complaint ("Complaint") for failure to state a claim upon which relief may be granted. In support of this motion, Beasley states:

**Introduction**

This is an action for purported copyright infringement[2] and violation of the Digital Millennium Copyright Act ("DMCA") arising from Beasley's alleged use of a

---

[1] Beasley Broadcast Group, Inc. is not the correct entity or proper party to this lawsuit. Beasley Media Group LLC, is the owner and operator of the www.Rock929Rocks.com website.

[2] Although Beasley denies having violated any section of the Copyright Act, it is not seeking dismissal of Count I (copyright infringement claim) at this juncture. Nevertheless, due to the overlapping allegations and applicable defenses, Beasley has elected to wait until the Court rules on this motion before filing an answer to Count I of the Amended Complaint. *See Jacques v. First Liberty Ins. Corp.*, No. 8:16-cv-1240, 2016 U.S. Dist. LEXIS 80556, at *2 (M.D. Fla. June 9, 2016) (majority of courts have "concluded that a party need not file an answer while a partial motion to dismiss is

single photograph in a web article.  Plaintiff filed his two-count complaint on August 1, 2019.  Defendant filed a Motion to Dismiss (DE 19), to which Plaintiff did not respond but instead filed an Amended Complaint (DE 24).  However, the Amended Complaint does nothing to correct the fatal flaws with regard to Count II.  Instead, Plaintiff asserted the exact claims, with the addition of one paragraph.  The new paragraph simply speculates where Defendant may have obtained the Photograph at issue, pointing to an unrelated third party website.  (DE 24, ¶ 11).

The original complaint warranted dismissal, and the Amended Complaint is no different.  Plaintiff has purported to bring two claims -- Count I for direct Copyright Infringement and Count II for Removal of Copyright Management Information under 17 U.S.C. § 1202(b).  Plaintiff's claim that Beasley removed or altered copyright management information ("CMI") in violation of section 1202 of the Copyright Act is implausible.  Plaintiff does not allege that any CMI existed, much less what it was or how it was removed. Importantly, Plaintiff has not - and cannot – allege that Beasley acted with the requisite intent under section 1202 to encourage or conceal copyright infringement.  Plaintiff's Exhibit A, purportedly the Photograph, does not include any CMI.  Similarly, the Complaint now points to a third-party website displaying the same Photograph, but that Photograph is also devoid of any CMI.  (DE 24, ¶ 11).

---

pending"); *Pushko v. Klebener*, No. 3:05-cv-211, 2005 U.S. Dist. LEXIS 49132, at *6 (M.D. Fla. June 10, 2005) (filing of a partial motion to dismiss tolls the time for answering every part of the pleading).  In the event this Court imposes a different requirement, Beasley hereby moves for an enlargement of time to respond to Count I of the Amended Complaint until such time as the Court renders a decision on this motion.

4836-2235-4338, v. 1

Plaintiff's failure to state a claim is evident from the face of the Complaint and Count II should be dismissed with prejudice.

### Background

Plaintiff alleges that he is the owner of a photograph of the late Kurt Cobain, lead singer of the rock group Nirvana, ("the Photograph") that was registered with the United States Copyright Office. (DE 24, ¶¶ 7-9). On or about April 17, 2018, Beasley published a web article titled "On This Day in 1991 Nirvana Performed 'Smells Like Teen Spirit' for the First Time," which discussed Nirvana and included the Photograph ("the Article"). *Id*. at ¶ 10. Plaintiff claims that Beasley published the Photograph without his consent. *Id*. at ¶ 12.

Count II of the Complaint – the subject of this motion – generally alleges Beasley "intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph" in violation of the DMCA, 17 U.S.C. § 1202(b). *Id*. at ¶ 19. Plaintiff's section 1202(b) claim fails both for failure to plead any facts forming the basis of the claim, and because the Complaint's basic, conclusory allegations regarding Beasley's knowledge and intent cannot withstand scrutiny under basic federal pleading standards.

### Argument

The purpose of Rule 12(b)(6) is to permit the court to terminate actions that are fatally flawed from the start, to spare the litigant and the court the burdens of unnecessary pretrial and trial activity. When evaluating a motion to dismiss a court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most

favorable to the plaintiff." *Hunnings v. Texaco, Inc.*, 29 F. 3d 1480, 1484 (11th Cir. 1994). However, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To satisfy this pleading requirement, a complaint must plead facts that would satisfy the elements of a claim. *Id*. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, the United States Supreme Court has instructed that the plausibility requirement includes pleading of "malice, intent, knowledge, or other conditions of a person's mind." *Iqbal*, 556 U.S. at 686-87 ("Rule 9 merely excuses a party from pleading [malice] under an elevated pleading standard. It does not give [a party] license to evade the less rigid – though still operative – strictures of Rule 8").

Further, sub-section 1202(b) of the DMCA protects the integrity of CMI by prohibiting the *intentional* alteration of a copyright owner's CMI as a means to carry out or conceal infringement. 17 U.S.C. § 1202. To prevail on such a claim, Plaintiff must establish (1) the existence of CMI on the Photograph, and (2) that Beasley "intentionally remove[d] or alter[ed]" the CMI with knowing intent to facilitate infringement. 17 U.S.C. § 1202(b). Plaintiff does not allege – and cannot establish – either element.

   1. *Plaintiff Fails to Allege Any Facts Supporting the CMI Claim.*

As an initial matter, Plaintiff's Section 1202 claim should be dismissed based on Plaintiff's failure to allege the most fundamental element of the claim – existence of CMI on the Photograph. Despite Plaintiff stating Beasley "removed copyright management information identifying plaintiff as the owner of the Photograph," he never actually states that the Photograph contained CMI. *See* (DE 24, ¶ 19). Importantly, Plaintiff never identifies the purported CMI, including what the CMI displayed or said, its location on the Photograph or distinguishing features (*i.e.* a watermark or logo). Plaintiff never attempts to explain how he believes Beasley removed the CMI. *See Spinelli v. NFL*, 903 F.3d 185, 204 (2d Cir. 2018) (affirming dismissal of Section 1202 claim where complaint contained only conclusory allegation to the effect of "CMI was removed" and did not describe the information removed from the photographs or allege that the photographs contained any identification or credit); *BanxCorp. v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (existence of CMI is essential element of the claim).

The exhibits to the Complaint further undermine Plaintiff's claim. The original Photograph, as provided by Plaintiff himself, does not contain *any* CMI. *See* (DE 24-1) (original Photograph absent *any* CMI) and (DE 24-2) (purported screenshot of Beasley's article)[3]. It is simply not plausible that Beasley altered the Photograph's CMI, when Plaintiff has not alleged the existence of CMI and the original Photograph does not display any CMI whatsoever. *Photographic Illustrators Corp. v. Orgill, Inc.*, 118 F.

---

[3] Based on the CM/ECF marking at the top of the Amended Complaint (DE 24-1, 24-2), it is evident that Plaintiff attached the same exhibits from the original Complaint (DE 1-3, 1-4). Both versions of the photograph at issue are devoid of any copyright marking.

4836-2235-4338, v. 1

Supp. 3d 398, 406-07 (D. Mass. 2015) (rejecting section 1202 claim where there was no evidence that images received by the defendant contained CMI). Furthermore, the Complaint now includes a new paragraph that points to a third-party website and suggests that Defendant copied the Photograph from the third-party site. (DE 24, ¶ 11). The Photograph on that third-party website *also* does not display or contain any CMI. There are no facts that have or can be alleged to support Count II, and any amendment of this claim would therefore be futile. Accordingly, Count II is properly dismissed with prejudice.

2. ***Plaintiff Fails to Allege that Beasley's Purported "Removal" of CMI was Done with the Requisite Intent.***

As indicated above, Plaintiff's failure to allege the existence of CMI on the subject Photograph is alone enough to warrant dismissal. Additionally, Plaintiff's Complaint is subject to dismissal for failure to plead sufficient "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Indeed, the Complaint consists of mere speculation and conclusory allegations insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Plaintiff has not alleged any facts, this Court is not required to accept his unsupported assertions as true at the motion to dismiss stage. *Smith v. City of Sumiton*, 578 Fed. Appx. 933, 935 n.4 (11th Cir. 2014) ("for purposes of a Rule 12(b)(6) motion to dismiss, [court] do[es] not have to take as true allegations based merely 'upon information and belief.'"). Plaintiff's claims that Beasley acted to conceal or encourage infringement is demonstrably baseless on the face of the Complaint.

To be sure, Plaintiff's allegations only state that "upon information and belief" Beasley acted with the requisite intent to remove or alter CMI. (DE 24, ¶¶ 19, 21, 22). These assertions amount to nothing more than "formulaic recitation[s] of the elements of a cause of action" under section 1202(b), and are insufficient to maintain a claim. *Smith,* 578 Fed. Appx. at 936 (court must separate out conclusory legal allegations to determine whether remaining well-plead factual allegations, accepted as true, plausibly give rise to a claim); *see also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013-14 (11th Cir. 2005) (allegations based on information and belief do not provide an "indicia of reliability" because they fail to provide an underlying basis for such allegations). Plaintiff must allege more than speculation to support an allegation that Beasley acted with the requisite intent. *See In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1312 (Fed. Cir. 2011) (a plaintiff cannot offer only generalized allegations of intent but must plead "specific underlying facts from which [the court] can reasonably infer the requisite intent."). There are no plausible, non-conclusory allegations that Beasley knowingly and intentionally removed or altered CMI from the Photograph with the knowledge that it would facilitate or encourage infringement. (DE 24, ¶¶ 19-23) (merely reciting elements of section 1202(b) claim); s*ee also Gotel v. Carter*, No. 18-14786, 2009 U.S. App. LEXIS 26752, at *4 (11th Cir. Sept. 5, 2019) (affirming dismissal of complaint based on bald assertions and basic recitals of elements).

Plaintiff's "unadorned, the-defendant-unlawfully-harmed-me-accusation" concerning Beasley's alleged treatment of CMI is insufficient to state a claim even under

the liberal federal pleading standards and, thus, should be dismissed. *Iqbal*, 556 U.S. at 678.

## Conclusion

For the foregoing reasons, Beasley respectfully requests that Plaintiff's Count II section 1202(b) claim be dismissed in its entirety with prejudice, and any other relief this Court deems just and proper.

Dated: October 28, 2019.

        Respectfully Submitted,

        SHULLMAN FUGATE PLLC

        **Allison S. Lovelady**
        Allison S. Lovelady
        Florida Bar No. 70662
        Giselle M. Girones
        Florida Bar No. 124373
        2101 Vista Parkway, Suite 4006
        West Palm Beach, FL 33411
        Tel: (561) 614-2592
        alovelady@shullmanfugate.com
        ggirones@shullmanfugate.com

        *Attorneys for Defendant Beasley Broadcast Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2019, a true and correct copy of the foregoing has been served via CM/ECF to all parties on the attached service list.

        **Allison S. Lovelady**
        Allison S. Lovelady

4836-2235-4338, v. 1

9

**SERVICE LIST**

Christian J. Sanchelima, Esq.
Sanchelima & Associates, P.A.
235 SW Le Jeune Road
Miami, FL 33135
Tel: 305-447-1617
chris@sanchelima.com

Richard P. Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff Rab Lewin*